**O**

# United States District Court
# Central District of California

| | |
|---|---|
| KINSLEY TECHNOLOGY CO., | Case No. 2:20-cv-04310-ODW (KSx) |
| Plaintiff, | **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [11]** |
| v. | |
| YA YA CREATIONS, INC., et al., | |
| Defendants. | |

## I.    INTRODUCTION AND BACKGROUND

On May 12, 2020, Plaintiff Kinsley Technology Co. ("Kinsley") initiated this law suit against Defendants Ya Ya Creations, Inc., A Lingerie Company, AshleyDevice/DMD, EfavorMart, ETrading-LV, iHEYi, JYDress, Mercate Group, Tianhuikeji, Toysters, YiGooood, Industrial Equipment Expert, Aphrona Beauty, BREED, 3PLY, and LankeyFit (all defendants collectively are "Defendants").  (*See* Compl., ECF No. 1; Schedule A, ECF No. 1-1.)   Kinsley asserts trademark infringement and unfair competition claims arising from Defendants' sales of face masks, medical gloves and other products on Amazon.com.  (*See* Compl. ¶¶ 24–74.)

Kinsley alleges that it is the owner of the word mark "SUNCOO," registered with the United States Trademark Office, and sells SUNCOO products on Amazon.com. (Compl. ¶¶ 5, 10–23.)   Amazon.com assigns unique identification

numbers, ASINs, for products sold on its platform.  (Compl. ¶ 16.)  Though Kinsley is the only vendor selling SUNCOO products, Kinsley alleges that Defendants are engaging in infringing and counterfeiting acts on Amazon.com by selling products on their Amazon.com pages using the ASIN for SUNCOO products.  (Compl. ¶¶ 10–43.)  Kinsley alleges a loss of profits as well as goodwill in the market.  (Compl. ¶ 49.)

On May 19, 2020, Kinsley filed *ex parte* an application for a temporary restraining order ("TRO").  (TRO, ECF No. 11.)  The TRO seeks an order directing Defendants to stop the infringing sales and, halting any transfer or withdrawal of those funds to Defendants.  (TRO 8–9.)  Kinsley asserts that, without the cessation of sales and blocking of accounts, it will continue to lose goodwill in the market and Defendants may evade liability by removing all assets from the United States.  (TRO 14–18.)

Kinsley seeks this *ex parte* TRO without notice to any Defendant of the complaint or the TRO.  (TRO ii–iv; *see* Decl. of Nicholas Lee, ECF No. 11-2.)  None of the Defendants have appeared or opposed.

For the reasons to follow, the Court **DENIES** Kinsley's TRO.

## II.   LEGAL STANDARD

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *see Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (discussing that plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy'").  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) "he is likely to succeed on the merits"; (2) "he is

likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).  "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).

## III.   DISCUSSION

Kinsley seeks an order directing Defendants to stop product sales linked to the SUNCOO ASIN and halt all transfer of funds to Defendants.  (TRO 8–9.)  Kinsley's TRO application fails for at least two reasons.

First, Kinsley seeks a temporary restraining order without notice to Defendants of either the complaint or the TRO and fails to satisfy the requirements to obtain such an injunction without notice.  (TRO ii–iv; *see* Decl. of Nicholas Lee.)  Rule 65(b)(1) authorizes a court to issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

These requirements are "stringent" and the "circumstances justifying the issuance of an ex parte order are extremely limited." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)).

Kinsley's efforts to give notice and reasons for the failure are plainly deficient. Kinsley's counsel submits an affidavit in which he declares that he attempted to inform Defendants of this suit through Amazon.com's "Ask a question" option. (Decl. of Nicholas Lee ¶¶ 3, 5.)  Furthermore, he submitted his "question" on May 18, 2020 at 5:00pm CST less than twenty-four hours before filing the TRO.  (Decl. of Nicholas Lee ¶ 7.)  Apart from one Defendant, Kinsley failed to gather any contact information of the Defendants aside from the Amazon.com storefront URL.  (TRO ii–iv.)  This is plainly inadequate.

Even if the above efforts were not deficient, Kinsley fails to provide any facts "clearly show[ing] that immediate and irreparable injury . . . will result . . . before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  This must be provided in either a verified complaint or an affidavit.  *Id.*  Kinsley submits neither. The previously discussed affidavit by Kinsley's attorney does not address immediate irreparable injury at all, and Kinsley submits no other declarations in support.  As Kinsley fails to satisfy the requirements for a TRO without notice, the Court **DENIES** Kinsley's application.  *See Reno Air Racing Ass'n*, 452 F.3d at 1131–32, 1134; *Fid. Brokerage Servs. LLC v. York*, No. EDCV 19-1929-JGB (SPx), 2019 WL 5485121, at *4 (C.D. Cal. Oct. 23, 2019) (citing *Inland Empire Enters., Inc. v. Morton*, 365 F. Supp. 1014, 1018–19 (C.D. Cal. 1973)) ("The Application could have been denied on this ground alone.").

Further, even if Kinsley had given notice, Kinsley fails to demonstrate a likelihood of irreparable harm absent the requested injunction.  Kinsley asserts two bases of irreparable harm: (1) the loss of goodwill and (2) the likelihood that Defendants will be judgment-proof.  (TRO 14–18.)

The risk of irreparable harm must be "likely, not just possible." *All. for the Wild Rockies*, 632 F.3d at 1131; *see also Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (finding conclusory or speculative allegations insufficient to establish a likelihood of irreparable harm). As to the loss of goodwill, Kinsley asserts that Defendants' lower-quality products with infringing SUNCOO marks are lowering the reviews of Kinsley products. (TRO 14–17.) Though damage to goodwill could constitute irreparable harm, the Ninth Circuit requires the party seeking injunctive relief to provide actual evidence of likely irreparable harm beyond evidence that "simply underscores customer confusion." *Herb Reed*, 736 F.3d at 1250.

Here, Kinsley attaches negative customer reviews of SUNCOO face masks to demonstrate diminished goodwill; however, the reviews demonstrate only customer confusion. (TRO Ex. A, ECF No. 11-1.) Amazon.com's platform syncs ratings with products, not vendors. (TRO 15.) Therefore, if multiple vendors are selling the same product, identified by the ASIN, the customer review will be tagged to the product regardless of the vendor. (TRO 15.) Kinsley asserts that Defendants' lower-quality face masks with SUNCOO marks have caused "a lower review ranking for [all of] Kinsley's products." (TRO 16.) This argument lacks logic. If the reviews are synced with the product and not the vendor, then reviews of the SUNCOO face mask alone fail to demonstrate diminished goodwill of Kinsley as a company, and at best can show customer confusion regarding SUNCOO face masks. This is inadequate for irreparable harm. *See Herb Reed*, 736 F.3d at 1250.

Kinsley also asserts that consumers are inexperienced in purchasing face masks and so will rely on the online reviews to make their selections. (TRO 17.) Kinsley contends that consumers will therefore chose not to purchase SUNCOO masks because of its ratings, and Kinsley's resultant loss of sales "simply cannot be calculated and thus can never be compensated." (TRO 17.) However, Kinsley purely speculates that (1) consumers will rely solely on the online reviews in making a

selection, and (2) will choose not to purchase its masks due to the ratings.  Thus, the Court finds that Kinsley fails to meet its burden to provide actual evidence of likely irreparable harm.  *See Herb Reed*, 735 F.3d at 1250.

As for the risk that Defendants may be judgement-proof, Kinsley's only assertion to support this claim is its inability to find two of the Defendants' storefront pages on Amazon.com since filing the complaint.  (TRO 17 ("Two Defendants . . . might have already attempted to avoid the repercussions . . . as they appear to have disappeared from the Amazon Marketplace since the filing of this action.").)  Kinsley would like the Court to equate Kinsley's listless effort to find the true Defendants with those Defendants' willful evasions of judgment.  The Court declines to do so.  That certain vendor pages from the Amazon.com's marketplace appear and disappear does not demonstrate that the true Defendants selling the infringing masks will be judgment-proof.  This, again, is pure speculation.

As Kinsley fails to support reputational harm, the Court is left with only injury compensable in money damages.  (*See* TRO 14 ("Kinsley will be entitled to collect damages for the various violations alleged against Defendants . . . [including] costs of the action, attorneys' fees, statutory damages, enhanced damages, and treble damages").)  However, "economic harm is not generally considered irreparable." *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1280 (9th Cir. 2020); *Regents of Univ. of Cal. v. Am. Broad. Cos.*, 747 F.2d 511, 519 (9th Cir. 1984) ("[A] party is not entitled to a preliminary injunction unless he or she can demonstrate more than simply damages of a pecuniary nature.").  Thus, Kinsley has not shown that its claimed harm is more than pecuniary in nature.

Even under the sliding scale approach, a plaintiff must still show a likelihood of irreparable injury.  *See All. for the Wild Rockies*, 632 F.3d at 1135 ("'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, *so long as the plaintiff also shows that there is a likelihood of irreparable injury* and that the injunction is in the

public interest.") (emphasis added).   As Kinsley fails to do so here, it has not established that it is entitled to a TRO.  For this additional reason, the Court **DENIES** Kinsley's application.

## IV.    CONCLUSION

For at least the foregoing reasons, the Court finds that Kinsley has not satisfied the difficult task to establish that it is entitled to the extraordinary remedy of a temporary restraining order or preliminary injunction.   Accordingly, the Court **DENIES** Kinsley's application.  (ECF No. 11.)

**IT IS SO ORDERED.**

June 3, 2020

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**