O

# United States District Court
# Central District of California

| | |
|---|---|
| KINSLEY TECHNOLOGY CO., <br><br>           Plaintiff, <br><br>     v. <br><br> YA YA CREATIONS, INC., et al., <br><br>           Defendants. | Case № 2:20-cv-04310-ODW (KSx) <br><br> **ORDER DENYING DEFENDANT LESKRO, INC.'S MOTION TO DISMISS [100]** |

## I.  INTRODUCTION

Plaintiff Kinsley Technology Co. ("Kinsley") filed this trademark infringement action against several defendants, including Defendant Leskro, Inc. dba Orksel, Inc. ("Leskro").  (*See* First Am. Compl. ("FAC"), ECF No. 31.)  Now, Leskro moves to dismiss the claims asserted against it pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(2) and 12(b)(5).  (Mot. Dismiss ("Motion" or "Mot."), ECF No. 100.)  The Motion is fully briefed.  (*Id.*; Opp'n, ECF No. 114; Reply, ECF No. 117.)  For the following reasons, the Motion is **DENIED**.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Kinsley owns the word mark "SUNCOO" used in connection with "gloves for medical purposes" and "masks for use by medical personnel." (*Id.* ¶¶ 34, 36.) Kinsley and its importer/distributor used Amazon.com ("Amazon") as their primary sales channel. (*Id.* ¶ 40.) Relevantly, Amazon assigns each of its vendors, including Kinsley, an Amazon Standard Identification Number ("ASIN"), and every product sold on Amazon has an ASIN associated with it. (*Id.* ¶¶ 49–52.) However, Defendants allegedly located Kinsley's ASIN and "fraudulently associated their counterfeit goods with Kinsley's bona fide ASIN." (*Id.* ¶ 60.) In other words, Kinsley alleges that Defendants, including Leskro, "have each linked their products to the Assigned ASIN for the SUNCOO branded masks despite not actually selling SUNCOO branded masks." (*Id.* ¶ 71.)

On May 12, 2020, Kinsley filed the original Complaint against Defendant Ya Ya Creations, Inc. and Does 1–99. (*See* Compl., ECF No. 1.) On August 10, 2020, Kinsley amended the complaint and added, among others, Leskro as a Defendant. (*See* FAC; *see also*, FAC Sched. A, ECF No. 31–1.) On September 11, 2020, Kinsley served Leskro with a summons and the FAC. (*See* Proof of Service, ECF No. 88.) Now, Leskro moves to dismiss under Rules 12(b)(2) and 12(b)(5).

## III. LEGAL STANDARDS

Under Rule 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A federal district court may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110–11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945)). Once a party seeks dismissal under Rule

---

[2] For purposes of this Rule 12 Motion, the Court takes all of Kinsley's well-pleaded allegations as true. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

12(b)(2), the plaintiff has the burden of demonstrating that the exercise of personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990.) Accordingly, a court only "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegation of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Factual disputes are resolved in the plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

Under Rule 12(b)(5), a party may seek dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Service of process is a prerequisite for personal jurisdiction over a defendant." *C&sm Int'l v. Prettylittlething.com Ltd.*, No. CV 19–4046–CBM (KSx), 2019 WL 7882077, at *1 (C.D. Cal. Oct. 8, 2019) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[] . . . or there is no personal jurisdiction.")). "Once service is challenged, [the] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (internal quotation marks omitted); *see also Jones v. James Trading Co.*, No. CV 19–2674–MWF (JEMx), 2019 WL 6354392, at *3 (C.D. Cal. July 3, 2019) ("A motion to dismiss under Rule 12(b)(5) requires defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service." (quoting *Emine Tech.*

*Co. v. Aten Int'l Co.*, No. C 08–3122 PJH, 2008 WL 5000526, at *2 (N.D. Cal. Nov. 21, 2008))).

## IV. DISCUSSION

Leskro moves to dismiss under Rule 12(b)(2) for failure to adequately plead grounds for personal jurisdiction, and under Rule 12(b)(5) for untimely service of process. (Mot. 2–4.) The Court addresses these arguments in turn.

### A. Rule 12(b)(2) Motion

Citing Rule 12(b)(2), Leskro contends that Kinsley fails to plausibly allege personal jurisdiction over Leskro because (1) the Court's jurisdiction over Defendants Ya Ya Creations and NPR Biomedical is irrelevant to whether the Court has jurisdiction over Leskro; and (2) Kinsley fails to specify which Defendant performed which alleged act. (Mot. 3–4.) Neither argument is persuasive.

Leskro's first point fails because it is a straw man argument. Kinsley alleges in the FAC: "Venue is proper in this District . . . because at least Defendant Ya Ya Creations, Inc. and NPR Biomedical are citizens and residents of this District . . . ." (FAC ¶ 32.) Leskro argues that this particular allegation does not establish personal jurisdiction over Leskro. (Mot. 3.) That may be true, but it is irrelevant. In addition to the allegation cited by Leskro, Kinsley alleges that "each of the Defendants intentionally targets this State at least by its utilization and exploitation of the Amazon.com marketplace that is the subject of each Defendant's infringing acts alleged below and the Online Marketplace Accounts identified in Schedule A attached [to the FAC]." (*Id.* ¶ 33.) Kinsley further alleges: "Specifically, Defendants are infringing upon and counterfeiting Kinsley's registered trademark rights in order to gain access to, and trade upon Kinsley [sic] reputation and goodwill on, the Amazon.com Marketplace in a manner that targets residence [sic] of the State of California and this District." (*Id.*) Leskro is listed as "Defendant #20" on Schedule A attached to the FAC. (*See* FAC Sched. A at 3.) Yet Leskro ignores these other

allegations and focuses only on paragraph 32 of the FAC, which clearly pertains to venue. This narrowly focused argument does not constitute grounds for dismissal.

Leskro's second point relies on inapposite caselaw. Leskro contends that Kinsley fails to establish personal jurisdiction because Kinsley does not specify *which* Defendant engaged in which activities. (Mot. 4 (citing *Serenium, Inc. v. Zhou*, No. 20-cv-02132-BLF, 2020 WL 6275025, at *2 (N.D. Cal. Oct. 26, 2020)).) But Leskro's reliance on *Serenium* is misplaced. That case involved allegations of conspiracy, and the court held that the plaintiff failed to sufficiently allege grounds for personal jurisdiction because the complaint lacked details regarding which part of the conspiracy each defendant had allegedly taken part in. (*Id*. at 2.) That holding is inapplicable to the present facts. Here, Kinsley alleges that each Defendant infringed upon and counterfeited Kinsley's mark, and each Defendant intentionally targeted California by selling SUNCOO branded masks despite not actually selling SUNCOO branded masks. (FAC ¶¶ 33, 71.) Thus, Leskro's second argument fails as well.

In short, Leskro fails to raise valid grounds for dismissal under Rule 12(b)(2), and to that extent, the Motion is **DENIED**.

**B.     Rule 12(b)(5) Motion**

Leskro also argues that service was untimely because the original Complaint was filed on May 12, 2020, and Leskro was served with the FAC over ninety days later, on September 11, 2020. (Mot. 5.) But Leskro was not named as a Defendant in the original Complaint. Rather, Leskro was named as a Defendant for the first time in the FAC, which was filed on August 10, 2020. (*See* Opp'n 13.) Rule 4(m) requires service of process on each named defendant within ninety days after the filing of a complaint. Fed. R. Civ. P.4(m). "For defendants who are added by later amendments to the complaint, the time limit for service runs from the date of the amendment." *MERSCORP Holdings, Inc. v. Kelsey*, No. CV 18–3802–JFW (AFMx), 2018 WL 6445694, at *2 (C.D. Cal. July 26, 2018.) (citing *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990)). Here, Kinsley served Leskro on September 11, 2020,

within ninety days after the FAC was filed on August 10, 2020.  (*See* Proof of Service.)  Thus, service was not untimely, and to that extent, the Motion is **DENIED**.

### V.   CONCLUSION

In summary, Leskro's Motion to Dismiss is **DENIED**.  (ECF No. 100.)  Leskro shall file its Answer to the FAC within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

April 20, 2021

_____
         **OTIS D. WRIGHT, II**
   **UNITED STATES DISTRICT JUDGE**