O

# United States District Court
# Central District of California

| | |
|---|---|
| KINSLEY TECHNOLOGY CO., <br><br> Plaintiff, <br><br> v. <br><br> YA YA CREATIONS, INC., et al., <br><br> Defendants. | Case № 2:20-cv-04310-ODW (KSx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [128]** |

## I. INTRODUCTION

Plaintiff Kinsley Technology Co. owns U.S. Trademark Registration No. 5,627,817 for the mark "SUNCOO" used in connection with disposable facemasks (among other things). (First Am. Compl. ("FAC") ¶ 34, ECF No. 31.) The primary channel through which Kinsley sells its SUNCOO masks is Defendant Amazon.com, Inc.'s online marketplace. (*Id.* ¶ 40.) Amazon assigns a unique, ten-digit, alphanumeric "ASIN"[1] to each product sold on its website. (*Id.* ¶¶ 49–51.) What this means is that Kinsley's SUNCOO-branded mask has its own unique product page, which is associated with its own unique ASIN (the "Kinsley ASIN").

---

[1] ASIN stands for "Amazon Standard Identification Number."

Kinsley sued Amazon and a litany of third-party sellers for trademark infringement,[2] alleging that Amazon: (1) permitted the third-party sellers to sell non-SUNCOO-branded masks via the product page associated with the Kinsley ASIN; and (2) directly sold counterfeit SUNCOO-branded masks (i.e., Amazon itself purchased an inventory of masks that were falsely branded with the SUNCOO mark and sold them) through the product page associated with the Kinsley ASIN. (*Id.* ¶ 101; Mot. 2.) And Amazon has largely cooperated with Kinsley to shut down the allegedly infringing conduct. (*See, e.g.*, Decl. of Alex Calvert ("Calvert Decl.") ¶ 7, ECF No. 139-2.) Specifically, Amazon "locked" the Kinsley ASIN to ensure that only Kinsley's exclusive distributor, TrianiumDirect, can sell masks through that ASIN, and it has "quarantined" its inventory of counterfeit SUNCOO masks to ensure that they are not sold. (*See id.*; Decl. of Scott R. Commerson ("Commerson Decl.") ¶ 2, ECF No. 139-1.)

However, more than once, Kinsley has caught Amazon selling the counterfeit SUNCOO masks through the Kinsley ASIN again. (Decl. of Nicholas S. Lee iso Mot. ("First Lee Decl.") ¶¶ 2–6, 14–16, ECF No. 128-4; Mot. Ex. D, ECF No. 128-5.) Each time, Amazon has claimed inadvertence and promptly rectified the errors once alerted by Kinsley. (*See* Opp'n 2–5, ECF No. 139.) Still, Kinsley now moves for a preliminary injunction enjoining Amazon from selling any SUNCOO-branded masks on its website, except for those sold by TrianiumDirect. (*See* Mot. Prelim. Inj. ("Motion" or "Mot."), ECF No. 128.) The Court heard oral arguments regarding the Motion on May 3, 2021. (Minutes, ECF No. 146.) For the following reasons, the Motion is **GRANTED**.[3]

---

[2] This memorandum focuses primarily on the claims against Amazon, as Kinsley currently seeks to enjoin only Amazon.

[3] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. RELEVANT FACTS

### A. Alleged Infringement

Kinsley alleges that Amazon: (1) permitted others to sell non-SUNCOO-branded masks under the Kinsley ASIN; and (2) directly sold counterfeit SUNCOO-branded masks under the Kinsley ASIN. (*See* FAC ¶ 101; Mot. 2.) Kinsley also submits evidence in its Motion and Reply that suggests the alleged products are indeed counterfeits manufactured by a company called Jiangmen Huadizhiguang Lighting Co., Ltd., which is not affiliated with Kinsley. (*See* Mot. 3–4; Reply 1, ECF No. 142.)[4] The evidence indicates that:

- The counterfeit boxes use a darker shade of blue and a heavier font;
- The product images on the fronts of the counterfeit boxes are different;
- The left and right sides of the boxes are reversed. The images of the counterfeit box have been organized in the attached tables so they can be more easily compared, but they appear on the opposite sides of the box. In other words, the images that would appear on the left side of the box while facing the front of the genuine box have been imitated on the right side of the counterfeit box when facing its front;
- The language on the front of the boxes has been slightly changed: "Layered Filter" and "Protect Every Breath" on the genuine box have been changed to "3 Layered Filter" and "Protection From Germs" on the counterfeit;
- On the back side of the counterfeit box, the information identifying Kinsley's sole authorized importer and distributor of the SUNCOO masks has been omitted (a clear sign that these items did not come from a legitimate source);
- On the "first" side of the counterfeit box, the images of the woman from the genuine boxes have been replaced by similar images of a man and the batch number and production date information has been omitted; and

---

[4] Amazon objects to some of Kinsley's evidence based on a lack of foundation. (Evidentiary Objections, ECF No. 139-3.) To the extent the Court relies on the objected-to evidence, the objections are **OVERRULED**.

- On the "second" side of the counterfeit box, the same textual changes from the front of the box have been repeated.

**B.     Timeline of Relevant Events**

Sometime before May 2020, Amazon purchased a supply of counterfeit SUNCOO masks, apparently without realizing they were fake. (Calvert Decl. ¶ 8.) Additionally, several third-party sellers listed non-SUNCOO-branded masks for sale under the Kinsley ASIN. Thus, on May 12, 2020, Kinsley filed the initial Complaint against third-party sellers, but not against Amazon. (*See* Compl., ECF No. 1.) Amazon cooperated with Kinsley and agreed to lock the Kinsley ASIN so that only TrianiumDirect could sell under the Kinsley ASIN. (Calvert Decl. ¶ 7.) Then, on August 10, 2020, Kinsley filed the First Amended Complaint, adding more third-party sellers and Amazon as defendants. (ECF No. 31.)

On January 25, 2021, Kinsley discovered Amazon had relisted its own products for sale on Kinsley's ASIN. (First Lee Decl. ¶ 2.) Kinsley made a test purchase and received counterfeit masks. (*Id.* ¶¶ 4–6.) On January 28, 2021, Kinsley contacted Amazon regarding the counterfeit products and invited Amazon to discuss a resolution. (*Id.* ¶ 7.) On February 3, 2021, during a telephonic conference, Amazon expressed concern over the sale of counterfeit products and assured Kinsley it would purge such activity from its marketplace. (*Id.* ¶ 9.) Amazon also told Kinsley it had "quarantined" the remaining inventory of counterfeit masks and "locked" the Kinsley ASIN so that only TrianiumDirect could sell products under the Kinsley ASIN. (*Id.* ¶¶ 10–11.)

On February 18, 2021, Kinsley discovered Amazon had *again* relisted its own products for sale on Kinsley's ASIN. (*Id.* ¶ 14.) Kinsley made another test purchase and received counterfeit masks. (*Id.* ¶¶ 15–16.) Then, sometime between February 18 and March 1, Amazon stopped selling its counterfeit masks under Kinsley's ASIN. (Mot. 7.) And on March 12, 2021, Kinsley discovered Amazon had *again* relisted its own masks for sale on Kinsley's ASIN. (*Id.*)

Based on the above experiences, Kinsley filed the present Motion for Preliminary Injunction on March 1, 2021. On March 8, 2021, Amazon contacted Kinsley to explain that the relistings had been inadvertent, and that Amazon would no longer list its own products for sale under the Kinsley ASIN. (Commerson Decl. ¶¶ 5–6.) Nevertheless, Kinsley seeks the present preliminary injunction because Amazon has broken its word multiple times already.

### III. LEGAL STANDARDS

A court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, the plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm if the preliminary relief is not granted; (3) that the balance of equities tips in his favor; and (4) that the injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court may consider evidence in ruling on an application for preliminary injunction that would not be admissible on a summary judgment. *See, e.g.*, *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) ("A district court may . . . consider hearsay in deciding whether to issue a preliminary injunction."). Also, the *Winter* factors may be evaluated on a sliding scale. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### IV. DISCUSSION

**A.    Kinsley is Likely to Succeed on the Merits against Amazon**

Kinsley is likely to succeed on the merits with regard to Amazon's alleged trademark infringement. The "critical determination" is whether Amazon's use of the SUNCOO mark "creates a likelihood that the consuming public will be confused as to who makes what product." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (internal quotation marks and citations omitted). The Ninth Circuit has set forth eight factors a court should consider in determining whether two marks are confusingly similar. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979),

*abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003). The *Sleekcraft* factors are: (1) strength of the mark, (2) proximity or relatedness of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and the degree of care likely to be exercised by the purchasers, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of product lines. *Id.* at 348–49.

A court need not address all eight factors, as "it is often possible to reach a conclusion . . . after considering only a subset of the factors." *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999); *see Fortune Dynamic, Inc. v. Victoria Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1030 (9th Cir. 2010) ("This eight-factor analysis is 'pliant,' illustrative rather than exhaustive, and best understood as simply providing helpful guideposts."). Indeed, "[s]ome of the *Sleekcraft* factors will be more important in certain contexts than in others." *Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 986 (C.D. Cal. 2002). For instance, "[i]n the context of the Web in particular, the three most important *Sleekcraft* factors are (1) the similarity of the marks, (2) the relatedness of the goods or services, and (3) the simultaneous use of the Web as a marketing channel." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000) (internal quotation marks omitted).

Here, the Court finds that there exists a strong likelihood of confusion based on the similarity of the marks, the relatedness of goods, and the simultaneous use of Amazon as a marketing channel (i.e., the "most important" factors). Kinsley alleges that Amazon used (1) an *identical* mark to sell (2) nearly identical goods, (3) using identical marketing channels (namely, the Amazon product page associated with the Kinsley ASIN). This is sufficient to find a likelihood of confusion. *See GoTo.com*, 202 F.3d at 1205. Accordingly, the Court finds that Kinsley establishes a likelihood of success on the merits against Amazon.

### B. Kinsley is Likely to Suffer Irreparable Harm Absent Preliminary Relief

On December 27, 2020, Congress codified the rule that a plaintiff seeking a preliminary injunction to enjoin trademark infringement "shall be entitled to a rebuttable presumption of irreparable harm upon a finding of . . . likelihood of success on the merits." 15 U.S.C. § 1116. As it is written, the statute is clear. Here, Kinsley shows a likelihood of success on the merits; thus, it is entitled to a rebuttable presumption of irreparable harm.

Amazon's attempts to rebut this presumption fall short. Amazon argues that there is no risk of irreparable harm because it "has taken measures to ensure that its sales listing under the ASIN will not appear again." (Opp'n 7–8.) But this argument is not convincing because Amazon has demonstrated a proclivity for breaking its promise to Kinsley. Amazon explains that every time it has relisted the counterfeit masks, it has been by some unfortunate mistake. The first time, it was because "Amazon's internal settings that had removed its sales listing under the [Kinsley] ASIN had inadvertently been reversed." (Mot. 4 (citing Calvert Decl. ¶ 10).) The second time, it was because "when Amazon had previously removed its sales listing, the individual setting the removal had unknowingly lacked sufficient authority to permanently suppress the retail offer in the Amazon store." (Calvert Decl. ¶ 11.) Inadvertent or not, Amazon's conduct establishes a likelihood that it will infringe the SUNCOO mark again, be it via carelessness or otherwise. Because such infringement would presumptively cause irreparable harm, the Court finds that Kinsley has established a likelihood of irreparable harm in the absence of preliminary relief.

### C. The Balance of Equities Weighs in Kinsley's Favor

This third factor favors granting a preliminary injunction. "Amazon has no legitimate interest in selling face masks that it has tacitly acknowledged are counterfeits and has previously purported to 'quarantine.'" (Mot. 11.) Amazon argues that the Court need not consider this factor and that Kinsley cannot show a likelihood of continuing harm. (Opp'n 9–10.) Neither argument is convincing, nor is the latter

argument relevant to analyzing this factor. At bottom, Amazon would not be prejudiced by the requested injunction whatsoever. Meanwhile, further trademark infringement would certainly harm Kinsley. Thus, the Court finds that the balance of equities weighs sharply in Kinsley's favor.

### D. The Public Interest Weighs in Favor of a Preliminary Injunction

Lastly, the public has an "interest in protecting trademarks." *Brookfield*, 174 F.3d at 1066. There is no question that a preliminary injunction enjoining the sales of counterfeit products aligns with the public interest. Amazon fails to meaningfully address this factor; instead it merely argues that there is no risk of harm because it has promised to stop all infringing activities. (Opp'n 10.) And again, this is neither convincing nor relevant to this factor. Thus, the Court finds that the public interest weighs in favor of granting a preliminary injunction.

On balance, all four *Winter* factors support granting a preliminary injunction. Therefore, Kinsley's Motion is **GRANTED**.

## V. CONCLUSION

In summary, Kinsley's Motion for Preliminary Injunction is **GRANTED**. (ECF No. 128.) Accordingly:

- The Court hereby preliminarily **RESTRAINS AND ENJOINS** Defendant Amazon.com, Inc. its agents, servants, employees, attorneys, and all others in active concert or participation with Defendant Amazon.com, Inc. from selling or offering to sell face masks bearing the SUNCOO wordmark or any colorable imitation thereof except through Kinsley Technology Co.'s authorized distributor operating under the name TrianiumDirect.

- The Court hereby preliminarily **ENJOINS** Defendant Amazon.com, Inc. its agents, servants, employees, attorneys, and all others in active concert or participation with Defendant Amazon.com, Inc. to take corrective action as necessary to ensure that no third parties sell or offer to sell face masks under

      ASIN B0868YY9MW other than Kinsley Technology Co.'s authorized distributor operating under the name TrianiumDirect.

- The Court further **ORDERS** Amazon.com, Inc. to file within thirty (30) days of this Order a written report under oath setting forth in detail the manner and form in which Amazon.com. Inc. has complied with this Order including a statement of how many boxes of face masks bearing the SUNCOO word mark it has located and quarantined, where they have been located, how they have been sequestered or quarantined from other inventory, who has access to them, and how the inventory is monitored to ensure that it remains intact.

This preliminary injunction shall take effect immediately and shall remain in effect pending trial in this action or further order of this Court. In view of the public interest in avoiding confusion and Amazon.com, Inc.'s previous voluntary actions consistent with the requirements of this Order, and in accordance with this Court's discretionary power, Kinsley Technology Co. is <u>not</u> required to provide a bond or security pursuant to Federal Rule of Civil Procedure 65(c).

**IT IS SO ORDERED.**

May 3, 2021

                                                    **OTIS D. WRIGHT, II**
                                      **UNITED STATES DISTRICT JUDGE**