UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | 2:20-cv-04310-ODW (KSx) | Date | December 22, 2021 |
|-----|--------------------------|------|-------------------|
| Title | *Kinsley Technology Co. v. Ya Ya Creations, Inc. et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|------------------------|--------------------------------------------------|------|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not present | Not present |

**Proceedings (In Chambers):**    **Order TAKING Motion for Default Judgment UNDER SUBMISSION [178]; Order GRANTING Motions to Seal [181] [184], DENYING Motion to Enforce Settlement [180], and DENYING AS MOOT Motion for Extension of Time [179]; Order SETTING January 5, 2022 Dismissal Deadline for Amazon**

Before the Court is Plaintiff's Renewed Motion for Default Judgment. (Renewed Mot. Default J., ECF No. 178.)   The Court deems Plaintiff's Motion for Default Judgment appropriate for decision without oral argument and **VACATES** the hearing set for January 3, 2022. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  No appearances are necessary. The matter stands **SUBMITTED**, and an order will issue.

Separately, on October 4, 2021, the Court ordered Plaintiff to file a dismissal of Amazon.com, Inc. ("Amazon") that complies with Federal Rule of Civil Procedure ("Rule") 41 and set a deadline of December 6, 2021.  (ECF No. 172.)  This was in response to a Notice of Settlement in Principle that Plaintiff had filed informing the Court of Plaintiff's settlement with Amazon. (Notice Settlement, ECF No. 171.)   On the day the dismissal documents for Amazon were due,  Plaintiff unilaterally moved for additional time to file those dismissal documents. (Mot. Extension Time ("Motion"), ECF No. 179.)  Plaintiff concurrently filed an application to file documents under seal in connection with this Motion.  (Pl.'s Appl. Seal, ECF No. 181.) Amazon opposed the Motion, (Opp'n, ECF No. 183) and filed its own application to file certain materials under seal in connection with its opposition, (Def.'s Appl. Seal, ECF No. 184).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:20-cv-04310-ODW (KSx) | Date | December 22, 2021 |
|---|---|---|---|
| Title | *Kinsley Technology Co. v. Ya Ya Creations, Inc. et al.* | | |

1. <u>Motions to Seal</u>

There is a strong presumption against filing documents under seal. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The "compelling reasons" standard limits the general common law right of access to inspect and copy judicial records by showing there are "compelling reasons supported by specific factual findings [that] . . . outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). In ruling on a motion to seal, "the court must balance the competing interests of the public and the party seeking to keep records secret." *Harper v. Charter Commc'ns, LLC*, No. 219CV00902WBSDMC, 2021 WL 600960, at *1 (E.D. Cal. Feb. 16, 2021).

Here, both parties' Applications are in proper form under Central District Local Rule 79-5.2.1. Amazon did not oppose Plaintiff's Motion to Seal, and although Amazon filed its own Motion to Seal only two days ago, the Court finds it highly unlikely that Plaintiff will oppose Amazon's Application, since both parties' Applications to Seal are directed toward confidential settlement information which both parties appear to agree they have a mutual interest in keeping secret.

The Court finds that both parties' redactions are narrowly tailored to protect the confidentiality of the settlement and accordingly finds good cause to allow both parties to file their materials under seal as proposed. *See Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *2 (W.D. Wash. Nov. 12, 2012) (granting application to seal confidential settlement materials and noting that sealing furthered Federal Rule of Evidence 408's policy of encouraging settlement of disputes). The Court therefore **GRANTS** Plaintiff's Application to Seal, (ECF No. 181), and **GRANTS** Amazon's Application to Seal, (ECF No. 184).

2. <u>Motion to Enforce Settlement</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:20-cv-04310-ODW (KSx) | Date | December 22, 2021 |
|-----|--------------------------|------|--------------------|
| Title | *Kinsley Technology Co. v. Ya Ya Creations, Inc. et al.* | | |

Plaintiff's Motion to Enforce Settlement is summarily **DENIED** due to failure to adequately meet and confer.

"[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. "The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3." C.D. Cal. L.R. 7-4.

By the date that the dismissal documents for Amazon were due (December 6, 2021), Plaintiff had not yet received a settlement payment from Amazon and so was not prepared to fully dismiss Amazon. Plaintiff's Motion and supporting evidence make an ample showing that Plaintiff's counsel attempted to resolve Amazon's lack of payment. (Mot. Enforce Settlement Ex. B, ECF No. 182-3 (email chain).) What Plaintiff's Motion does not do, however, is establish that Plaintiff discussed with Amazon the substance of its contemplated Motion to Enforce Settlement in any way beyond conclusorily asserting that Plaintiff would be moving to enforce the settlement agreement. (*Id.* at 2.) The Court's December 6, 2021 deadline by no means forced Plaintiff to move to enforce the settlement; Plaintiff's counsel could have simply waited for payment to arrive, or, even better, Plaintiff's counsel could have communicated their concerns to Amazon's counsel and asked for a stipulation to extend the deadline to dismiss, which the Court would have readily granted.

Thus, pursuant to Local Rule 7-4, and based on Plaintiff's failure to discuss "the substance of the contemplated motion" with Amazon before filing, the Court declines to consider Plaintiff's motion to enforce the settlement. (C.D. Cal. L.R. 7-3.)

In the alternative, the motion is moot because Amazon has remitted the settlement payment. (Opp'n 4); *see, e.g.*, *Adanandus v. Safway Scaffolding Co.*, No. C-05-02488 EDL, 2006 WL 734358, at *1 (N.D. Cal. Mar. 21, 2006) (denying motion to enforce settlement as moot in light of payment of settlement after filing of motion). The Court declines to award the attorneys' fees Plaintiff requests, especially given that Amazon indicates it is "willing to reimburse Kinsley's reasonable attorneys' fees actually incurred in bringing this Motion." (Opp'n 5.) This is generous of Amazon, especially since Plaintiff's Motion might not have been necessary had Plaintiff's counsel chosen a more cooperative and less combative tactic.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:20-cv-04310-ODW (KSx) | Date | December 22, 2021 |
|-----|-------------------------|------|-------------------|
| Title | *Kinsley Technology Co. v. Ya Ya Creations, Inc. et al.* | | |

Counsel should cooperate in stipulating to reasonable attorneys' fees, bearing in mind that, if a motion is brought on this issue, the Court might not award any attorneys' fees at all.

Now that Amazon has rendered payment, no just reason exists for the delay in dismissing Amazon. The parties shall file Rule 41-compliant dismissal documents for Amazon by **January 5, 2022**. Failure to timely comply may be deemed consent to dismissal of Amazon from the action.

Finally, due to the foregoing orders and the passage of time, Plaintiff's Motion for Extension of Time is **MOOT** and is **DENIED** as such. (ECF No. 179.)

**IT IS SO ORDERED**.

                                                        :    00

Initials of Preparer     SE