O

# United States District Court
# Central District of California

| | |
|---|---|
| KINSLEY TECHNOLOGY CO.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YA YA CREATIONS, INC., et al.,<br><br>　　　　　Defendants. | Case № 2:20-cv-04310-ODW (KSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [178] [187]** |

## I.　INTRODUCTION

Plaintiff Kinsley Technology Co. sells disposable surgical facemasks on Amazon.com under its federally registered "SUNCOO" trademark. (First Am. Compl. ("FAC") ¶¶ 34, 40, ECF No. 31.)  Kinsley alleges that a litany of third-party sellers sold counterfeit facemasks not manufactured by Kinsley through the unique Amazon product page Kinsley created for its SUNCOO-branded masks.  Kinsley sued numerous third-party sellers and Amazon for trademark infringement.  Kinsley now seeks default judgment against thirteen of the third-party seller Defendants, (Mot. Default J. ("Motion" or "Mot."), ECF No. 178.)  After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the

reasons that follow, the Court lacks personal jurisdiction over all but one of the defaulting Defendants and accordingly **DENIES** the Motion.

## II. BACKGROUND

The well-pleaded allegations in Kinsley's First Amended Complaint ("FAC") are as follows. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Kinsley is the owner of U.S. Trademark Registration No. 5,627,817 for the word mark SUNCOO in international class 010 (medical apparatus). (FAC ¶ 34, ECF No. 31.) Kinsley and its sole importer/distributor, who is based in California, use the SUNCOO word mark in connection with the sale of their disposable facemasks. (FAC ¶ 37.)

The primary sales channel Kinsley uses is the Amazon marketplace at www.amazon.com. (FAC ¶ 40.) Through its Fulfillment by Amazon program, Amazon works with third-party sellers by allowing sellers to list their products on the Amazon Marketplace. (FAC ¶ 43.) The sellers ship their products in bulk to Amazon's warehouses and pay Amazon a fee for storing and maintaining the inventory, and when a customer purchases a product online, Amazon ships the product to the customer. (FAC ¶¶ 44–45.) Kinsley and its importer/distributor have utilized the Fulfillment by Amazon program to offer its SUNCOO-branded face masks to Amazon's customers. (FAC ¶ 47.)

In order to sell third-party products such as Kinsley's face masks on its platform, Amazon assigns each product sold on the Amazon Marketplace an Amazon Standard Identification Number ("ASIN"). (FAC ¶ 49.) Every product sold on the Amazon Marketplace has an ASIN associated with it, and without an ASIN, a product cannot be listed or sold on Amazon's website. (FAC ¶¶ 50, 51.)

Amazon assigned Kinsley's SUNCOO-branded masks an ASIN, and Kinsley used this ASIN to create an associated product page for its masks. (*See* FAC ¶ 53.) The SUNCOO mask product page included descriptions, images, and information noting its status as an FDA-registered importer and distributor of the facemasks, which are regulated by FDA as medical devices. (FAC ¶ 55.) Kinsley alleges that, because only Kinsley and its importer/distributor sell genuine SUNCOO-branded face masks, only Kinsley's face masks should appear as products for sale on Kinsley's product page. (FAC ¶ 56.) Nevertheless, the third-party seller Defendants obtained Kinsley's ASIN and used it to sell counterfeit masks through Kinsley's product page. (FAC ¶¶ 70–71.) Thus, customers purchasing masks through Kinsley's product page for SUNCOO-branded masks would place an order and receive masks not manufactured by Kinsley, in either unbranded packaging or counterfeit packaging. (FAC ¶¶ 60, 68–70; *see* Order Granting Mot. Prelim. Inj. 3–4, ECF No. 147.)

On May 12, 2020, Kinsley brought suit against Amazon and fifteen third-party seller Defendants. (Compl., ECF No. 1; *id.* Schedule A, ECF No. 1-1.) In the period of time since Kinsley filed this case, it added additional seller Defendants, and it settled with and dismissed certain seller Defendants. Kinsley also settled with and dismissed Amazon. (Stip. Dismiss, ECF No. 186.) During this process, Defendant Leskro, Inc. moved to dismiss the claims against it under, among other things, Federal Rule of Civil Procedure ("Rule") 12(b)(2), for lack of allegations supporting subject matter jurisdiction. (Mot. Dismiss, ECF No. 100.) The Court denied the Motion. (Order Den. Mot. Dismiss, ECF No. 143.) Shortly thereafter, Kinsley dismissed Leskro. (Stip., ECF No. 160.)

At this juncture, all Defendants who have appeared have been dismissed, and thirteen defaulting Defendants remain: Toysters, 3Ply, Exquisite Buys, LankeyFit, Natural System Solutions, Smart Student, National Supply Distributors, ETrading-LV, YiGooood, AshleyDevice DMD, JYDress, Tianhuikeji, Yuelove, and Mercate Group. These Defendants are the subject of this Motion.

### III. LEGAL STANDARD

Rule 55(b) authorizes a district court to grant default judgment against a defendant who fails to respond to a complaint following an entry of default by the clerk under Rule 55(a). Fed. R. Civ. P. 55(b)(2).

"[B]efore entering a default judgment, a court must consider whether it has personal jurisdiction over the defaulting defendant . . . ." *Zheng v. Li*, No. CV 18-8387 PA (JEMx), 2019 WL 1670751, at *2 (C.D. Cal. Mar. 1, 2019); *see Parsons v. Fisher*, No. 13-CV-06438 DMG (JCx), 2014 WL 12560789, at *1 (C.D. Cal. Mar. 25, 2014) ("When a court considers whether to enter a default judgment, however, it may dismiss an action for lack of personal jurisdiction sua sponte."). One reason courts undertake this inquiry is that "[a] default judgment entered without personal jurisdiction over the parties is void, and a court should determine whether it has jurisdiction to enter the judgment in the first place to avoid entering a judgment that can later be successfully attacked as void." *Parsons*, 2014 WL 12560789, at *1.

The plaintiff bears the burden of establishing personal jurisdiction. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "If a court has not heard testimony or made factual determinations, however, the plaintiff must only make a prima facie showing of personal jurisdiction." *Zheng*, 2019 WL 1670751, at *2. "The plaintiff may use affidavits of knowledgeable witnesses in meeting its burden of proving jurisdiction." *Id.* (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

In making this showing, "the plaintiff cannot 'simply rest on the bare allegations of its complaint.'" *Parsons*, 2014 WL 12560789, at *2 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Thus, the reasoning found in the Court's prior Order denying now-dismissed Defendant Leskro, Inc.'s motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is largely inapplicable. In finding personal jurisdiction in that Order, the Court looked solely to the allegations in Kinsley's FAC, assuming the allegations to be true and

analyzing whether those allegations would give rise to personal jurisdiction. (Order Den. Mot. Dismiss 4–5.) The instant Motion, however, is not a Rule 12(b)(2) motion and is instead a default judgment motion, in which the Court has an "affirmative duty to look into its jurisdiction over . . . the parties," based on both the allegations and the evidence submitted. *Parsons*, 2014 WL 12560789, at *1. In making this inquiry, the Court should not assume the truth of allegations in a pleading if the allegations are contradicted by credible evidence such as an affidavit. *See Data Disc*, 557 F.2d at 1284. For these reasons, it is proper for the Court to approach the personal jurisdiction issue *de novo*, and the Court is not bound by any of the determinations or reasoning in its prior Order.

### IV.   DISCUSSION

With respect to personal jurisdiction, twelve of the thirteen defaulting seller Defendants are similarly situated: they are not California-based entities, and they were not served in California. (Compl. Schedule A; *see* Mot. 4–5.) Only one of the Defendants, National Supply Distributors, is a California-based entity and was served in California. (Mot. 4; Proof of Service, ECF No. 87.) Herein, the Court considers default judgment against the twelve similarly situated Defendants (hereinafter, "Foreign Defendants") and ultimately concludes that, as to the Foreign Defendants, default judgment is inappropriate. As for National Supply Distributors, the Court does not find that it lacks personal jurisdiction, but at this juncture the Court declines to address default judgment against National Supply Distributors, instead permitting Kinsley to file a renewed motion to address the deficiencies described herein.

**A.   Law of Personal Jurisdiction**

Before this Court can exercise jurisdiction and enter judgment against an out-of-state defendant, an applicable state rule or statute must potentially confer personal jurisdiction over that defendant. Fed. R. Civ. P. 4(k). California's long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States. Cal. Civ. Proc. Code

§ 410.10.  Thus, the Court's jurisdiction to hear this case is "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." *Data Disc*, 557 F.2d at 1286 (quoting *Republic Int'l Corp. v. Amco Eng'rs, Inc.*, 516 F.2d 161, 167 (9th Cir. 1975).

A defendant's activities involving the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  To analyze whether a non-resident defendant's contacts with the forum state are sufficient to confer jurisdiction, courts follow a two-part approach and inquire whether they possess either (1) general jurisdiction or (2) specific jurisdiction.  *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *see Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

**B.    The Twelve Foreign Defendants**

Here, Kinsley does not argue that the Court has general jurisdiction over the Foreign Defendants and instead argues that the Court has specific jurisdiction over them.  (*See* Mot. 4.)  The Ninth Circuit has articulated three requirements that must be met before a court can exercise specific jurisdiction over a nonresident defendant.  First, "the defendant must either 'purposefully direct his activities' toward the forum or 'purposely avail[] himself of the privileges of conducting activities in the forum.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).  Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities."  *Id.*  Third, "the exercise of jurisdiction must comport with fair play and substantial justice; i.e. it must be reasonable."  *Id.*

Kinsley's demonstration of personal jurisdiction over the Foreign Defendants fails on the first requirement, which may be met by satisfying either the purposeful availment test or the purposeful direction test.  *Id.*  Kinsley omits reference to the purposeful availment test and argues only that the purposeful direction test applies and is satisfied.  (Mot. 5.)  A court has personal jurisdiction based on purposeful direction

when the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. Purposeful direction exists when "the defendant has directed [its] actions at the forum state, even if those actions took place elsewhere." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th. Cir. 2015).

The issue, therefore, is whether Kinsley, with its allegations and evidence, makes a prima facie showing that the Foreign Defendants purposefully directed their infringing activity toward the state of California. Kinsley argues the Foreign Defendants purposefully directed their actions toward California in two ways. First, Kinsley argues that there was purposeful direction because Kinsley's sole importer/distributor is based in California. Second, it argues that the Foreign Defendants' use of an Amazon product page to make their counterfeit masks available to California consumers constitutes purposeful direction toward California. Neither contention has merit.

   *1. No purposeful direction arising from Kinsley's California-based importer-distributor*

Kinsley's first argument—that the presence of Kinsley's sole importer/distributor in California means the Foreign Defendants purposefully directed their infringing conduct at California—fails on the second and third prongs of the purposeful direction test articulated in *Schwarzenegger*.

The viability of the second prong depends on Kinsley's contention that the harm it incurred from infringement of its trademarks necessarily also constitutes harm to Kinsley's California-based importer/distributor. However, Kinsley fails to convince the Court that harm to the trademark holder in particular, without more, constitutes harm to the holder's distributor. More is required to make this connection. Kinsley leaves the actual harm suffered by the importer/distributor to speculation, and accordingly, the Court cannot find that the Foreign Defendants expressly aimed their conduct at the California/based importer/distributor.

Moreover, the second and third prongs of the purposeful direction test both fail for a separate reason: there are no allegations or evidence indicating any Foreign Defendant *knew* that Kinsley had an importer/distributor that was based in California. The record indicates that the owner of the trademark at issue is Kinsley, not its importer/distributor, so the most that can be said about inferred from the fact that the Foreign Defendants infringed Kinsley's trademark by making counterfeit masks available through Kinsley's product page is that the Foreign Defendants knew about the existence of *Kinsley*, not of its California-based importer/distributor.[1]

In light of this observation, the second prong fails, as case law suggests that when the basis for personal jurisdiction is that the defendant harmed an entity based in a particular state, but the defendant is unaware of the existence of that entity, it cannot be said that the defendant "expressly" aimed the harm at that state. To illustrate, in one trademark infringement case, the court found that a defendant's "deliberate choice of the plaintiff's trademark, and his subsequent attempts to extort compensation for [the associated] domain name, targeted that individual plaintiff," a California resident, and found the defendant's conduct to have been expressly aimed at California. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc); *id.* at 1087 ("'[E]xpress aiming' encompasses wrongful conduct individually targeting a known forum resident."). By contrast, a car seller's "express aim was local" to Ohio when it circulated advertisements in Ohio in a way that gave it "no reason to believe that any Californians would see it and pay a visit to the dealership," even though the dealer's "intentional act eventually caused harm" to the California-based plaintiff.

---

[1] In this regard, Kinsley's most relevant allegation is that "[i]n a further effort to hide their counterfeiting acts and prevent collection of evidence, some of the Defendants have restricted shipments of their products from the State of California knowing that Kinsley's sole importer and distributor is located here." (FAC ¶ 80.) But nowhere else in Kinsley's allegations or Motion does Kinsley indicate which Defendants knew this, on what basis, or when it happened.

*Schwarzenegger*, 374 F.3d at 807.  Here, the Court cannot conclude that any Foreign Defendant expressly aimed its conduct at a California-based importer/distributor when there is no indication that any particular Foreign Defendant knew about the importer/distributor's existence, much less the fact that the importer/distributor was located in California.

For these same reasons, Kinsley likewise fails to show that any Foreign Defendant knew that the harm flowing from its trademark infringement would be suffered in California, the third requirement for purposeful direction.  Nothing in the record demonstrates any particular Foreign Defendant knew about the existence of the importer/distributor or where it was located, so no Foreign Defendant could have known harm would be suffered in California.[2]

  2. *No purposeful direction arising from the general use of an Amazon product page*

Second, Kinsley argues that personal jurisdiction arises from the Foreign Defendants' use of an Amazon product page to make their masks available to consumers in California.  (Mot. 7.)  This contention is also without merit.  Were the Court to accept it as true, then the mere fact of making a product available on the internet for purchase in the United States would subject the seller to personal jurisdiction in all fifty states.  Although much of the law of personal jurisdiction remains unsettled in the internet age, it is clear that, at present, this is not the law of personal jurisdiction in the Ninth Circuit.  In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997), the Ninth Circuit further delineated the boundaries of personal jurisdiction as first articulated in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) and noted that in internet cases where courts found personal jurisdiction, "there has been 'something more' to indicate that the

---

[2] Kinsley's observation that "reviews of the product in question demonstrate that customers were actually relying upon this California connection to feel comfortable in their purchasing decision" is irrelevant; Kinsley offers no authority suggesting personal jurisdiction is dependent upon the perceptions of non-party consumers.  (Mot. 7.)

1  defendant purposefully (albeit electronically) directed [its] activity in a substantial
2  way to the forum state." *Cybersell, Inc.*, 130 F.3d at 418; *see Boschetto v. Hansing*,
3  539 F.3d 1011, 1017 (9th Cir. 2008) (finding that offering an item for sale on eBay
4  and selling it to a California customer does not confer specific jurisdiction); *see also*
5  *Farrell v. New Millennium Concepts, Ltd.*, No. 2:21-cv-01691-JAM (JPDx), 2022 WL
6  956882, at *4 (E.D. Cal. Mar. 30, 2022) (finding no specific jurisdiction over a
7  supplier even where California residents could visit the supplier's website and submit
8  a warranty claim or contact customer support); *cf. Mavrix Photo, Inc. v. Brand Techs.,*
9  *Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011) ("Not all material placed on the Internet is,
10 solely by virtue of its universal accessibility, expressly aimed at every state in which it
11 is accessed."). The online seller defendant must do something to target the forum
12 state "expressly." *Schwarzenegger*, 374 F.3d at 802.

13    Here, the record indicates no such express conduct. Kinsley's allegations
14 indicate that the Foreign Defendants simply made their products available for sale on
15 an Amazon product page, accessible and available for purchase in all fifty states. (*See*
16 FAC ¶¶ 40–45, 80–81.) Kinsley offers no fact-specific allegations or evidence
17 suggesting that any particular Foreign Defendant did anything to target California or
18 California consumers in particular.[3] Moreover, the allegation in paragraph 30 of the
19 FAC, which provided a basis for personal jurisdiction at the pleading stage, is too
20 generalized and conclusory to accept at default judgment in light of the lack of
21 allegations and evidence regarding any Foreign Defendant's affirmative conduct
22 expressly targeting California. *Data Disc*, 557 F.2d at 1284. Thus, the Court cannot
23 find that the Foreign Defendants directed their conduct at California. The Court

---

27  [3] The allegation in paragraph 80 of the FAC might be relevant in this context, but as discussed in
28  footnote 1, it is too generalized.

therefore lacks personal jurisdiction over the Foreign Defendants and denies the Motion with respect to the Foreign Defendants.[4]

### C. The California-Based Defaulting Defendant

This leaves the sole California-based defaulting Defendant, National Supply Distributors. Although the Court appears to have personal jurisdiction over National Supply Distributors by virtue of the fact that it is domiciled in California, the Court does not reach the remaining issues raised by Kinsley's Motion. The Motion is directed in principal part toward the Foreign Defendants, and in the interest of orderly administration of justice, the Court prefers that Kinsley file a narrowed, renewed Motion addressing only the issues and the showings required for default judgment against those Defendants over whom the Court in fact has personal jurisdiction. Moreover, judgment, including default judgment, against certain, but not all defendants, may be entered "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court also prefers to wait until all Defendants who require dismissal are in fact dismissed before entering judgment, so that the Court can issue a single Judgment that disposes of this entire matter all at once. The Court therefore denies the motion without prejudice as to defaulting Defendant National Supply Distributors.

All other issues raised by Kinsley's Motion are moot.

---

[4] For Kinsley's benefit, and to help avoid multiple rounds of additional motion practice, the Court notes that it also would have denied the Motion on the ground that Kinsley submitted no evidence to substantiate the assumptions supporting its proposed statutory penalties to be entered against each Foreign Defendant. (Mot. 19:14-21.) As parties are required to prove up their damages at the default judgment stage, a complete motion must contain evidence substantiating these assumptions. *Elektra Entm't Grp., Inc. v. Bryant*, No. CV 03-6381 GAF (JTLx), 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004) ("Plaintiff is required to prove all damages sought in the complaint."). In general, in consideration of the default judgment factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), this Court is more likely to enter default judgment on the basis of actual damages than statutory damages, and any request for statutory damages must be accompanied by a thorough evidentiary showing and sufficient legal support, such as citations to other cases showing how courts have justly fixed similar statutory awards in the default judgment context.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Kinsley's Motion for Default Judgment **without prejudice** to filing a renewed Motion. (ECF Nos. 178, 187.) As Kinsley is now on notice of the Court's inquiry into personal jurisdiction, any further failure to demonstrate personal jurisdiction over a particular Defendant shall result in dismissal of that Defendant with prejudice.

Kinsley's renewed Motion is due no later than **thirty (30) days** from the date of this Order. Failure to timely file a renewed Motion may result in dismissal of the case for lack of prosecution.

**IT IS SO ORDERED.**

May 18, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**