O

# United States District Court
# Central District of California

| | |
|---|---|
| KINSLEY TECHNOLOGY CO., <br><br> Plaintiff, <br><br> v. <br><br> YA YA CREATIONS, INC. et al., <br><br> Defendants. | Case № 2:20-cv-04310-ODW (KSx) <br><br> **ORDER ON DAMAGES [194];** <br> **ORDER DENYING REQUEST FOR ATTORNEYS' FEES [204]** |

## I. INTRODUCTION

Plaintiff Kinsley Technology Co. ("Kinsley") sued Amazon.com, Inc. ("Amazon") and numerous third-party sellers for trademark infringement committed in connection with the sale of counterfeit disposable facemasks on Amazon's online sales platform. Kinsley moved for entry of default judgment against the sole remaining Defendant in this action, National Supply Distributors ("National"). (Renewed Mot. Default J., ECF No. 194-1.) The Court granted the Motion in part, deferring determination of damages pending receipt of additional evidence. (Order Granting in Part Default J., ECF No. 198.) Kinsley also presently requests attorneys' fees. (Req. Fees, ECF No. 204.) As discussed below, the Court **AWARDS** $5,000 in statutory damages and **DENIES** Kinsley's request for attorneys' fees.

## II. BACKGROUND

The Court is familiar with the facts of this case, including those regarding Kinsley's trademark and the sale of counterfeit facemasks on the Amazon Marketplace. (*See* Order Granting in Part Default J. 2–3.) In examining the factors relevant to default judgment, the Court observed, based solely upon Kinsley's then-operative allegations and no additional evidence, that "the allegations . . . strongly support intentionality because it is not plausible that National accidentally or innocently used another seller's product page to sell its own products." (*Id.* at 12.)

Kinsley initiated this action on May 12, 2020, asserting four claims against several Defendants: (1) trademark infringement (15 U.S.C. § 1114); (2) trademark counterfeiting (15 U.S.C. § 1114); (3) unfair competition under federal law (15 U.S.C. § 1125(a)); and (4) unfair competition under California state law (Cal. Bus. & Prof. Code §§ 17200–17210). (Compl. ¶¶ 44–75, ECF No. 1.) Kinsley added additional Defendants by way of a First Amended Complaint. (First Am. Compl., ECF No. 31.) Some Defendants have since settled with Kinsley, and Kinsley eventually dismissed every Defendant in this case other than National. (*See* Status Rpt., ECF No. 175; Stip. Dismiss Amazon, ECF No. 186; Notice Dismissal, ECF No. 193.)

Kinsley moved for default judgment against National, requesting $70,000 in statutory damages under the Lanham Act, roughly based on three times National's claimed sales of infringing facemasks. On August 30, 2022, the Court granted in part Kinsley's Motion for Default Judgment, finding National liable to Kinsley and deferring the question of damages. (Order Granting in Part Default J. 17.) The Court provided Kinsley with an additional opportunity to submit damages evidence and set forth detailed instructions regarding how to properly file under seal certain digital spreadsheet ("Excel") files Kinsley received from Amazon in these proceedings. (*Id.* at 14–16.)

On September 20, 2022, Kinsley filed its supplemental materials in support of damages. (Suppl., ECF No. 199; Suppl. Errata, ECF No. 200.) In filing its

supplemental materials, Kinsley attempts to present the Excel files it received from Amazon as evidence, but fails to follow the Court's instructions regarding filing materials under seal, and accordingly, the Court cannot and does not take the Excel files into account. (OSC Den. Mot. Default J. 1–2, ECF No. 201); *cf.* C.D. Cal. L.R. 79-5.2.2(a). Kinsley did, however, provide some authenticating information regarding a certain email attachment it received from National purportedly demonstrating National's infringing sales. (OSC Den. Mot. Default J. 2.)

In reviewing the email attachment, the Court noted that it appeared to indicate that virtually all of National's sales of allegedly infringing facemasks were "refunded" and that the date range of the transactions was concentrated in a three-day period approximately one week *after* the filing of the initial Complaint. (*Id.*) Based on those observations, the Court concluded that Kinsley failed in its burden of supporting its request for $70,000 in statutory damages "when the sole document that purports to prove damages indicates that all the sales were refunded, the record contains Plaintiff's concession that the document indicates that all sales were refunded, and Plaintiff makes no present attempt to address the concern." (*Id.*) The Court observed that the authentication of the attachment was minimal, and that Kinsley had not "provided the Court with the email exchange with Fiona L to which the document was originally attached" or any other relevant information, which left the Court "guessing at exactly what this document is supposed to show and the circumstances under which National Supply Distributors sent it to Plaintiff." (*Id.* at 3.) The Court further noted that its confidence in Plaintiffs' forthrightness had "eroded" as the case proceeded. (*Id.*)

The Court provided Kinsley with one final opportunity to address these deficiencies, (*id.*), and on September 27, 2022, Kinsley filed its final supplemental response, (Final Resp., ECF No. 202). Shortly thereafter, the Court set a special deadline for attorney fee requests, (Min. Order Fees, ECF No. 203), and on October 13, 2022, Kinsley filed its request for attorney fees.

## III. DISCUSSION

The Court first finalizes its grant of Kinsley's Motion for Default Judgment by awarding Kinsley $5,000 in statutory damages for National's trademark infringement. The Court then denies the attorney fee request because the case is not "exceptional" under 15 U.S.C. § 1117(a).

### A. Damages

After the Court's prior order on Kinsley's motion for default judgment, the sole issue remaining in connection with that motion is the amount of damages to which Kinsley is entitled. Under the Lanham Act, a plaintiff is entitled to choose between an award of "actual damages and profits" or statutory damages. 15 U.S.C. § 1117(a), (c). Statutory damages range from $1,000 to $200,000 per mark infringed, and up to $2,000,000 per mark infringed if the infringement was willful. 15 U.S.C. § 1117(c).

In this case, Kinsley pursues statutory damages. (Final Resp. 4.) An award of statutory damages under the Lanham Act does not necessarily require proof of actual damages. *Chanel, Inc. v. Doan*, No. C 05-03464 VRW, 2007 WL 781976, at *5 (N.D. Cal. Mar. 13, 2007) (noting dual "compensatory and punitive purposes" of Lanham Act statutory damages and recognizing a plaintiff can recover statutory damages without offering evidence of actual damages). This holds true in the default judgment context, where a defendant's failure to appear may make proof of actual damages difficult. *See, e.g.*, *Sarieddine v. Andrews*, No 2:18-cv-00077-MWF (SSx), 2018 WL 5919206, at *4 (C.D. Cal. June 18, 2018). Nevertheless, here, Kinsley expressly indicated that its basis for its statutory damages request was roughly thrice the claimed actual damages, so at the very least, the strength of Kinsley's demonstration of actual damages remains relevant to whether Kinsley is entitled to the amount of statutory damages it requests.

Here, in support of its damages request, Kinsley submits evidence of National's sales. *See* 15 U.S.C. § 1117(a) ("[T]he plaintiff shall be entitled . . . to recover . . . defendant's profits . . . . In assessing profits the plaintiff shall be required to prove

defendant's sales only."). It attempts to do so by submitting the above-discussed email attachment listing sales over a three-day period and indicating that the vast majority of the sales were "Refunded." (Aff. Nicholas Lee ("Lee Aff.") Ex. 2 ("Sales List"), ECF No. 199-1.) The Court made clear its concerns about this document, and Kinsley's proof of National's sales in general, its September 21, 2022 Order to Show Cause, and gave Kinsley an additional opportunity to address these concerns. (Order to Show Cause, ECF No. 201.) In response, Kinsley did not submit additional evidence, but instead provided further arguments regarding why its prior showing was sufficient. (*See, e.g.*, Final Resp. 6 ("It is . . . reasonable to infer, given the circumstances, that Defendant presented only a document that it felt supported its efforts to reduce potential liability during settlement discussions and withheld documents that would have expanded its liability.").) Kinsley's additional arguments do not satisfactorily address the concerns the Court previously raised.

Moreover, Kinsley's authentication of this document consists of a declaration that merely states that Kinsley received the document from National. (Lee Aff. ¶ 8.) But stating the source of a document is not equivalent to authenticating it. *See* Fed. R. Evid. 901. The Court is still left wanting a clear explanation of what the National sales record is and what information it contains, beyond simply the identity of the person who sent it.

For all the reasons articulated in the record thus far, the Court cannot say that Kinsley has submitted evidence that meaningfully demonstrates National's "sales" of infringing masks. Kinsley fails to demonstrate "sales" as that term is used in 15 U.S.C. § 1117(a) and thus fails to support its request for $70,000 in statutory damages.

Nevertheless, the allegations, when taken as true, indicate that trademark infringement has indeed taken place. Under such circumstances, the dual deterrent and compensatory purposes of statutory damages support the award of some amount of statutory damages. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*,

219 F.R.D. 494, 501 (C.D. Cal. 2003) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate statutory policy." (quoting *F.W. Woolworth Co. v. Contemp. Arts, Inc.*, 344 U.S. 228, 233 (1952))); *see also Chanel*, 2007 WL 781976, at *5 ("To calculate statutory damages under the Lanham Act, many district courts turn to the analysis developed for a similar provision within the Copyright Act.").

"As other courts have observed, 15 U.S.C. § 1117(c) provides no guidelines for determining an appropriate award" beyond limiting awards to what "the court considers just." *See Lifted Rsch. Grp., Inc. v. Salem*, No. C-08-4497 SC, 2009 WL 1371416, at *5 (N.D. Cal. May 15, 2009). Considering all the facts and circumstances of the case, along with the evidence presented and its strengths and weaknesses as discussed herein and elsewhere in the record, the Court hereby **FINALIZES** its Order Granting Kinsley's Renewed Motion for Default Judgment, (ECF No. 194), and awards statutory damages in the amount of **five thousand dollars ($5,000.00)** against National. The Court finds that this amount is just and appropriate to effectuate the dual compensatory and punitive purposes of Lanham Act statutory damages. *See Chanel*, 2007 WL 781976, at *5.

An evidentiary hearing is not necessary. Pursuant to Federal Rule of Civil Procedure 55(b)(2): (A) there is no need to conduct an accounting because the accounts in this case are not complicated; (B) there is no need to determine the amount of damages because, as Kinsley itself argues, proving a particular amount of damages is not required to recover under the Lanham Act, (Final Resp. 2–4); (C) Kinsley does not point to any allegation whose truth it wishes to establish by evidence; and (D) there are no other matters to investigate.

**B.     Attorneys' Fees**

Kinsley requests $24,712.53 in attorneys' fees pursuant to 15 U.S.C. § 1117(a) incurred in connection with pursuit of judgment against National. (Req. Fees 6.) The

Lanham Act, 15 U.S.C. § 1117(a), authorizes reasonable attorneys' fees for the prevailing party in "exceptional cases." "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (discussing Patent Act); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (applying *Octane Fitness* approach to attorney fee application under Lanham Act). To determine whether a case is exceptional, courts "consider[] the totality of the circumstances" and exercise their "equitable discretion" to award attorneys' fees on a "case-by-case" basis. *Octane Fitness*, 572 U.S. at 554. Factors courts consider include (1) "the substantive strength of a party's litigating position (considering both the governing law and the facts of the case);" (2) "the unreasonable manner in which the case was litigated;" (3) "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case);" and (4) "the need in particular circumstances to advance considerations of compensation and deterrence." *SunEarth*, 839 F.3d at 1180–81. Importantly, for many courts in the Central District of California, a "default finding of willfulness," "without some additional extraordinary circumstances plead[ed] in the complaint," is not enough. *Pretty Star Store, LLC v. Yuanmin Chen*, No. 2:18-cv-05187-JAK (AGRx), 2019 WL 13039949, at *6 (C.D. Cal. Apr. 10, 2019). Instead, "[a]n attorneys'-fees award should be premised upon a finding of unfairness, bad faith, or other equitable consideration of similar force that makes it grossly unjust that the prevailing party be left to bear the burden of its counsel's fees." *Id.*

Kinsley argues that this case is exceptional on the mere basis of the Court's default finding that National acted willfully. (Req. Fees 3.) This is insufficient. *See Chen*, 2019 WL 13039949, at *6. Moreover, that finding was based on the allegations alone. But, for the reasons discussed above and elsewhere in the record, the sole piece

of evidence Kinsley submits in support of damages in this matter—the email attachment National sent Kinsley—casts serious doubt on whether National's infringement was *in fact* willful. In short, Kinsley does not meet its burden of showing that this case is exceptional. Moreover, the Court's independent review of the record confirms that this case does not present the "extraordinary circumstances" necessary to support a finding of exceptionality. *Chen,* 2019 WL 13039949, at *6; *see Reflex Media, Inc. v. Chan*, No. 8:16-cv-00795-JFW (JEMx), 2021 WL 5936912, at *12 (C.D. Cal. June 4, 2021) ("In this case, Plaintiffs offer no basis for its request for attorneys' fees beyond the willfulness of Defendant's infringement. Therefore, considering the totality of the circumstances, the Court concludes that this case is not 'exceptional.'"); *cf. CAO Lighting, Inc. v. Lights of Am., Inc.*, No. 5:20-cv-02367-AB-SP, 2021 WL 3376936, at *7 (finding patent case not exceptional, even where plaintiff's allegations of willful and intentional infringement were admitted by default).

## IV. CONCLUSION

For the reasons discussed above, the Court finalizes **GRANTING** Kinsley's Renewed Motion for Entry of Default Judgment. (ECF No. 194.) Kinsley is entitled to recover from National Supply Distributors statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of <u>five thousand dollars ($5,000.00)</u>. Kinsley's Request for Attorneys' Fees is **DENIED**. (ECF No. 204.)

The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

November 4, 2022

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**